JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lucinda Little, Cheri Honkala, The Green Party of Pennsylvania, Republican City Committee of Philadelphia & Republican State Committ. | Emilio Vazquez, Commissioner Anthony Clark, Commissioner Al Schmidt, Commissioner Lisa M. Delley, Pedro Cortes, Secretary, et al. |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Samuel C .Stretton, Esq. (POB 3231, West Chester, PA 19381-3231; 610-696-4243 + Linda A. Kerns 1430 Locust St. Suite 200, Phila 19102 215-731-1400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☒ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Diamond   DOCKET NUMBER   2:17-CV-01462-JHS

DATE   4/6/2017   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____



## UNITED STATES DISTRICT COURT

**17   1562**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: All Plaintiffs domiciled in Pennsylvania

Address of Defendant: All Defendants domiciled in Pennsylvania

Place of Accident, Incident or Transaction: March 21, 2017

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number 2:17-cv-01462-JHS   Judge Slomsky   Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☑ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Linda A. Kerns, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: April 6, 2017          Attorney-at-Law          84495
                                                       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: April 6, 2017          Attorney-at-Law          84495
                                                       Attorney I.D.#

CIV. 609 (5/2012)

APR - 6 2017



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Lucinda Little, et al                          :                          CIVIL ACTION
                                               :
                         v.                    :
                                               :
Emilio Vasquez, et al                          :              NO. **17      1562**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                 (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (   )


April 6, 2017          Linda A. Kerns, Esquire   Plaintiffs
_____   _____   _____
**Date**                  **Attorney-at-law**          **Attorney for**

215-731-1400           215-701-4154             linda@lindakernslaw.com
_____   _____   _____
**Telephone**             **FAX Number**               **E-Mail Address**


(Civ. 660) 10/02

APR -6 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUCINDA LITTLE                         :   DOCKET NO.
339 E. Louden Street                   :
Philadelphia, PA  19120                :
    and                                :
CHERI HONKALA                          :
2114 N. Hancock Street                 :
Philadelphia, PA  19122                :
    and                                :
THE GREEN PARTY OF PENNSYLVANIA        :
A MINOR POLITICAL PARTY                :
P.O. Box 59524                         :
Philadelphia, PA  19102                :
    and                                :
REPUBLICAN CITY COMMITTEE OF           :
PHILADELPHIA                           :
3325 Cottman Avenue                    :
Philadelphia, PA  19149                :
    and                                :
REPUBLICAN PARTY OF PENNSYLVANIA:
(a/k/a) REPUBLICAN STATE               :
COMMITTEE                              :
112 State Street                       :
Harrisburg, PA  17101,                 :
                PLAINTIFFS    :
                                       :
            V.               :
                                       :
EMILIO VASQUEZ                         :
3643 N. Percy Street                   :
Philadelphia, PA  19140                :
    and                                :
COMMISSIONER ANTHONY CLARK             :
PHILADLEPHIA CITY COMMISSIONERS        :
OFFICE                                :
CITY HALL, ROOM 130                    :
PHILADELPHIA, PA  19107                :
    and                                :
COMMISSIONER AL SCHMIDT                :
PHILADLEPHIA CITY COMMISSIONERS        :
OFFICE                                :
CITY HALL, ROOM 134                    :
PHILADELPHIA, PA  19107                :
    and                                :

4

```
COMMISSIONER LISA M. DEELEY        :
PHILADLEPHIA CITY COMMISSIONERS :
OFFICE                            :
CITY HALL, ROOM 132               :
PHILADELPHIA, PA  19107           :
     and                          :
PEDRO CORTES                      :
SECRETARY OF THE COMMONWEALTH     :
OF PENNSYLVANIA                   :
Office of the Secretary           :
302 N. Office Building            :
Harrisburg, PA  17120             :
     and                          :
DEPARTMENT OF STATE               :
BUREAU OF COMMISSIONS, ELECTIONS:
AND LEGISLATION                   :
210 NORTH OFFICE BUILDING         :
HARRISBURG, PENNSYLVANIA 17120    :
     and                          :
PHILADELPHIA CITY DEMOCRATIC      :
COMMITTEE                         :
219 Spring Garden Street          :
Philadelphia, PA  19123,          :
               DEFENDANTS         :
```

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiffs, Lucinda Little, Cheri Honkala, The Green Party of Pennsylvania, A Minor Political Party, Republican City Committee of Philadelphia and Republican Party of Pennsylvania, by and through their respective counsel, Samuel C. Stretton, Esquire and Linda A. Kerns, Esquire and Joel L. Frank, Esquire, hereby seek declaratory and injunctive relief to enjoin the implementation of special election results held on March 21, 2017 in the 197th Legislative District in Lower Northeast Philadelphia and find it to be void, and to enjoin the results

of that special election and to enjoin the putative winning candidate, Emilio Vasquez, from holding the Office of State Representative for the following reasons:

### A.)  Parties

1.    The Plaintiff, Lucinda Little, is a citizen and resident of the 197th Legislative District in Philadelphia, Pennsylvania, with an address of 339 E. Louden Street, Philadelphia, Pennsylvania 19120.  At all pertinent times, she was a registered Republican voter and the Republican candidate for the special election on March 21, 2017 in the 197th Legislative District.  The Plaintiff is also suing in her capacity as a registered voter in addition to her capacity as a candidate.

2.    The Plaintiff, Cheri Honkala, is a citizen and resident of the 197th Legislative District in Philadelphia, Pennsylvania, with an address of 2114 N. Hancock Street, Philadelphia, Pennsylvania.  At all pertinent times, she was a registered voter and registered member of the Pennsylvania Green Party and was a write-in candidate for the special election on March 21, 2017 in the 197th Legislative District in Philadelphia, Pennsylvania. The Plaintiff is also suing in her capacity as a registered voter in addition to her capacity as a candidate.

3.    The Plaintiff, The Green Party of Pennsylvania, is a qualified minor political party in Pennsylvania with an address

of P.O. Box 59524 in Philadelphia, Pennsylvania, and nominated their registered Green Party Member, Cheri Honkala, as their write-in candidate for the special election for the 197th Legislative District in Philadelphia, Pennsylvania on March 21, 2017. The Pennsylvania Green Party is also suing in their capacity as a minor political party.

4. The Plaintiff, Republican City Committee of Philadelphia, is a major political party in Philadelphia County with address of 3525 Cottman Avenue in Philadelphia, Pennsylvania 19149. The Republican City Committee duly nominated a candidate, Lucinda Little, who was on the ballot in the special election for the 197th Legislative District in Philadelphia, Pennsylvania. The Republican City Committee is also suing in its' capacity as a major political party.

5. The Plaintiff, Republican Party of Pennsylvania, is a major political party in Pennsylvania and a non-profit corporation with an address of 112 State Street in Harrisburg, Pennsylvania 17101. The Republican Party of Pennsylvania duly nominated a candidate, Lucinda Little, who was on the ballot in the special election for the 197th Legislative District in Philadelphia, Pennsylvania. The Republican Party of Pennsylvania is also suing in its' capacity as a major political party.

7

6.    The Defendant, Emilio Vasquez, is a citizen and resident of the Commonwealth of Pennsylvania with an alleged address of 3643 North Percy Street in Philadelphia, Pennsylvania 19140.  Vasquez failed to qualify for the ballot and mounted a write-in campaign for the Democratic Party in the special election for the 197th Legislative District on March 21, 2017. Vasquez was subsequently recognized by Philadelphia City Commissioners as the winner of the special election.

7.    The Defendant, Philadelphia Commissioner Anthony Clark, is the Chairman of the Philadelphia City Commissioners with address of City Hall, Room 130 in Philadelphia, Pennsylvania 19107.  He has the responsibility for running elections that comply with the Pennsylvania Election Code to ensure that the elections are run fairly and that there is no tampering of votes or any other matters.

8.    The Defendant, Philadelphia Commissioner Al Schmidt, is the elected City Commissioner with an address of City Hall, Room 134 in Philadelphia, Pennsylvania 19107.  He has the responsibility for running elections that comply with the Pennsylvania Election Code to ensure that the elections are run fairly and that there is no tampering of votes or any other matters.

9.    The Defendant, Philadelphia Commissioner Lisa M. Deeley, is the elected City Commissioner with an address of City

8

Hall, Room 132 in Philadelphia, Pennsylvania 19107.  She has the responsibility for running elections that comply with the Pennsylvania Election Code to ensure that the elections are run fairly and that there is no tampering of votes or any other matters.

10.  The Defendant, Pedro Cortes, is the duly appointed Secretary of State of the Commonwealth of Pennsylvania with an address of Office of the Secretary, 302 North Office Building, Harrisburg, Pennsylvania 17120.  He has the responsibility of ensuring the fairness of all elections in Pennsylvania, including the special election in the 197th Legislative District held on March 21, 2017, and ensuring that all Pennsylvania Counties comply with the Pennsylvania Election Code.

11.  The Defendant, Department of State, Bureau of Commissions, Elections and Legislation, is a duly organized governmental entity with the responsibilities for all state-wide elections and to ensure their fairness and ensure their compliance with the Election Code, with an address of 210 North Office Building in Harrisburg, Pennsylvania 17120.

12.  The Defendant, Philadelphia City Democratic Committee, is a major political party in Philadelphia County with an address of 219 Spring Garden Street, Philadelphia, Pennsylvania 19123, and whose members, ward leaders, officers, agents,

volunteers and committee people were involved in the March 21, 2017 special election.

13.  At all pertinent times, all Defendants acted either individually or in their official capacity.

14.  At all pertinent times, all Defendants acted either by themselves or through their agents and/or employees in the course and scope of their employment.

15.  At all pertinent times, all Defendants were acting under color of state law.

### B.)   Jurisdiction

16.  The jurisdiction of this Court is found in 28 U.S.C.A. 1331, giving Federal District Courts original jurisdiction in all civil actions arising under the Constitution and laws of the United States.  Further, jurisdiction is established because the Defendants are alleged to have violated the First and Fourteenth Amendments of the United States Constitution, and due process through the Fourteenth Amendment.  This is pursuant to 42 U.S.C.A. 1983.  Jurisdiction is also found since there are violations of the Federal Voting Rights Act.

### C.)   Pertinent Facts

17.  In Pennsylvania, a special election was ordered by the Secretary of the Commonwealth of Pennsylvania, a Defendant, to be held on March 21, 2017 for the open seat for the 197th Legislative District in Philadelphia, Pennsylvania.  The seat

became open when the previous elected State Representative was not seated by the General Assembly due to a previously undisclosed felony conviction.

18.    The Defendants, Philadelphia City Commissioners, the Defendant, Pedro Cortes, Secretary of the Commonwealth, and the Defendant, Department of State, Bureau of Commissions, Elections and Legislation, all had the express duties and responsibilities pursuant to Pennsylvania laws and statutes and the Pennsylvania Election Code, to administer a special election according to the Pennsylvania Election Code and to ensure there was no tampering of votes or with voters.

19.    The Defendant, Emilio Vasquez, was the write-in candidate purportedly specifically sponsored and supported by the Philadelphia City Democratic Committee as that organization's endorsed candidate in the special election for the 197th Legislative District in Philadelphia, Pennsylvania. The City Democratic Committee is the predominate political force in Philadelphia and is responsible for fielding and electing Democratic candidates.

20.    The Philadelphia City Democratic Committee, at all pertinent times, was organized and registered pursuant to the Election Code and laws of the Commonwealth of Pennsylvania and is a major political committee, and must act pursuant to the

laws and regulations of the Philadelphia Election Code in nominating, endorsing and supporting candidates for election.

21.  A special election was held on March 21, 2017. Lucinda Little was the Republican candidate duly nominated to the ballot.  No other candidates were duly nominated but many individuals campaigned for write-in votes.  These candidates included the Plaintiff, Cheri Honkala, who was running as the Green Party write-in candidate, and various Democratic voters who were running their own write-in campaigns, believed to be Edward Lloyd, David Torres, Orlando Acosta and Juan Rodriguez, in addition to the so-called "endorsed candidate," Emilio Vasquez.

22.  The Green Party of Pennsylvania, at all pertinent times, supported Cheri Honkala in her write-in campaign.  The Green Party is a minor political party registered and required to comply with the Rules of the Pennsylvania Election Code.

23.  There was an official count of votes that began on Friday, March 24, 2017.  The count was certified as of Friday, March 31, 2017 with the Defendant, Emilio Vasquez, as the putative winner.  Candidate Lucinda Little received 201 votes and the various "write-in" candidates, in the aggregate, received 2,493 votes. Of those "write-in" votes, Emilio Vasquez received 1,972, Cheri Honkala received 286 and other various candidates received the balance.

24. During the election, there were numerous significant and material violations of the Election Law committed by Election Board Workers employed by the City of Philadelphia, the Philadelphia Democratic City Committee, its members, Ward leaders, volunteers, committee people and supporters, and by the candidate, Emilio Vasquez, and his workers and supporters. Further, the Defendants City Commissions and the Defendant Bureau of Commissions, Elections and Legislation failed to properly supervise the special election to ensure a fair and just election. Some of the acts of misconduct include:

a.) The Election Board workers, virtually all of whom, are registered Democrat electors, in the various polling places were telling voters how to vote and specifically to vote for Defendant, Emilio Vasquez. This is illegal, improper and in violation of the Pennsylvania Election Code as the Election Board is not permitted to in any way advocate for a candidate by electioneering inside the polling place or otherwise.

b.) The Democratic Election Board workers allowed and encouraged Democratic workers and supporters of Emilio Vasquez in the polling area to hand out literature and to go into the voting machine booths to help and/or coerce voters to vote for Mr. Vasquez, such conduct specifically violating the Pennsylvania Election Code.

c.) The voters for the special election were told by Election Board Workers and representatives of the Democratic City Committee and the Democratic candidate that they were only allowed to vote for the write-in, Defendant Vasquez, and no other candidates.

d.) Voters were threatened or intimidated if it was thought they were going to vote for any other candidate. These Election Code violations were committed by Election Board Workers in the polling place and by the Democratic Committee people and workers on behalf of Mr. Vasquez at multiple polling places.

e.) Plaintiffs believe and aver that the proper chain of custody procedures regarding voting cartridges and election materials were not followed during the Special Election. Plaintiffs believe that individuals other than the Philadelphia Police Department impermissibly picked up and delivered cartridges and election materials.

f.) Plaintiffs believe and aver that various persons had custody of election materials on the evening of the election and temporarily were in the custody of Defendant Vasquez's or other parties' election headquarters rather than delivering said materials directly to the City Commissioners as is required.

g.) The Democratic Philadelphia Commissioners and Defendant Cortes and the Commonwealth of Pennsylvania, Bureau of

Commissions, Elections and Legislation, failed to properly supervise this election.

h.) All misconduct alleged in this complaint was in violation of the First Amendment and Fourteenth Amendment of the United States Constitution, including the right of association of speech and the right to vote, and further, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and further, in violation of the Election Code. All of this misconduct denied the voters a right to free and fair election pursuant to the First Amendment and Fourteenth Amendment of the United States Constitution, as noted above, and also pursuant to the Pennsylvania Election Code. As a result, the election was tainted and should be voided.

25. Other acts of misconduct by the Defendants are as follows:

a.) Plaintiffs have a video of money exchanged between the son of a Democratic Ward Leader and other Democratic officials inside the voting place. The exchange of money was illegal and tainted the election.

b.) Plaintiffs possess a video of an elderly Latino woman who was intimidated and told she had to vote for Emilio Vasquez by the Democratic party workers.

c.) The pink ballot sheets prepared by the City Commissioners and paid for by Philadelphia taxpayers that were

15

posted in polling places to illustrate the ballot in a non-partisan way to voters were doctored by Mr. Vasquez and workers of the City Democratic Committee to specifically instruct voters to write in Mr. Vasquez's name.  This illegal tampering gave the impression that the City of Philadelphia specifically instructed voters to vote for Mr. Vasquez

d.)  Plaintiffs believe and aver that voting machines, and the "write-in" mechanism, frequently malfunctioned in various polling places and the proper procedures for alternative ballots were not followed.

e.)  Throughout the day, and in multiple polling places, the proper procedures for voting assistance under the Pennsylvania Election Code were not followed and multiple people, sometimes as many as four(4), crowded into the voting booth with voters.

26.  There are also the following acts of misconduct by Defendants:

a.)  Plaintiffs believe and aver that Defendants deliberately disseminated misleading literature  implying that Green Party candidate Cheri Honkala, who has lived in the District for years, is an "outsider" and a "Republican".

b.)  At a Beauty School, located at 2751 Germantown Avenue, Honkala poll workers were told they could not put up Honkala signs because this is a "Democratic district."

16

c.)  At multiple polling places, Democratic poll workers and committee people illegally positioned themselves inside the polling place, handing out a Vasquez stamp to be used to vote for Defendant Vasquez as well as Vasquez literature; well within the 10 feet buffer zone from the entrance to the polling location as required by law.

d.)  At the Wyoming Branch Library, Democrats had set up a table outside the polling place, with sign-in sheets and stickers, giving voters the impression that this party-run table is the place to check in to vote, rather than the actual check-in station inside the polling place.

e.)  At the Pan American Clinic, a Democratic Committeeman handed out partisan materials inside the doorway to the polling place, not 10 feet or more from the entrance as required by law.  When questioned by a Honkala supporter, he responded that he's an "elected" person (either a judge of election or committeeperson).  If a judge of election, he should have been inside but running the election in a non-partisan manner, not distributing literature.  If he was fulfilling a partisan role, he needed to be outside the polling place. This location is also owned by Freddie Ramirez, a previously nominated Democratic candidate who was removed from the ballot by order of the Commonwealth Court of Pennsylvania for failing to reside in the district, as required by law.

17

f.) At the Esperanza Health Center, a Honkala voter was point blank asked by the election workers who she was voting for.

g.) At multiple polling places, Democratic representatives were repeatedly going in and out of the polling place, even though they had no poll watcher credentials. In one instance, Democratic Ward Leader Carlos Matos was seen going in and handling the voting machines.

h.) At Bethune School, an election worker was seen inside the polling place with the write-in stamp.

i.) At Munoz Marin School, a table was set up right next to the voting machine, covered with literature for Democratic candidate Emilio Vasquez, with voters being told that the table has "what they need to vote."

j.) At the polling place at 17th and Lehigh, located in an unspecified office, the Democratic Committee people told people to vote for Democrat Emilio Vasquez inside the polling place as they checked in to vote.

k.) There was campaign literature at the election table where the Judge of Election was supposed to sit at many of the polling places. This was particularly true in Ward 19, Section 11.

18