IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA LITTLE, CHERI HONKALA, THE GREEN PARTY OF PENNSYLVANIA, REPUBLICAN CITY COMMITTEE OF PHILADELPHIA and REPUBLICAN PARTY OF PENNSYLVANIA (a/k/a) REPUBLICAN STATE COMMITTEE, PLAINTIFFS | DOCKET NO. 2:17-cv-01562-JHS |
| V. | |
| EMILIO VAZQUEZ, COMMISSIONER ANTHONY CLARK, COMMISSIONER AL SCHMIDT, COMMISSIONER LISA M. DEELEY, PEDRO CORTES, SECRETARY OF THE COMMONWEALTH, DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION and PHILADELPHIA CITY DEMOCRATIC COMMITTEE, DEFENDANTS | |

**ANSWER OF THE PLAINTIFFS, CHERI HONKALA, THE GREEN PARTY OF PENNSYLVANIA, REPUBLICAN CITY COMMITTEE OF PHILADELPHIA AND LUCINDA LITTLE, TO THE MOTION TO DISMISS OF THE DEFENDANTS, PEDRO CORTES, SECRETARY OF THE COMMONWEALTH AND DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION**

The Plaintiffs, Cheri Honkala, the Green Party of Pennsylvania, Republican City Committee of Pennsylvania and Lucinda Little, by their counsel, Samuel C. Stretton, Esquire and Linda A. Kerns, Esquire, hereby Answer the Motion to Dismiss of the Defendants, Pedro Cortes, Secretary of the Commonwealth, and the Department of State, Bureau of Commissions, Elections and Legislation, and asks that the Motion to Dismiss be denied.

1

The Plaintiffs incorporate by reference their Brief in support of their Answer to the Motion to Dismiss.

Respectfully submitted,

*s/Samuel C. Stretton*
Samuel C. Stretton, Esquire
Attorney for Plaintiffs, Cheri
 Honkala and the Green Party of
 Pennsylvania
103 South High Street
P.O. Box 3231
West Chester, PA  19381-3231
(610) 696-4243
Attorney I.D. No. 18491


*s/Linda A. Kerns, Esquire*
Linda A. Kerns, Esquire
Attorney for Plaintiffs, Republican
 City Committee of Philadelphia and
 Lucinda Little
1420 Locust Street, Suite 200
Philadelphia, PA  19102
(215) 731-1400
linda@lindakernslaw.com
Attorney I.D. No. 84495

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA LITTLE, CHERI HONKALA, THE GREEN PARTY OF PENNSYLVANIA, REPUBLICAN CITY COMMITTEE OF PHILADELPHIA and REPUBLICAN PARTY OF PENNSYLVANIA (a/k/a) REPUBLICAN STATE COMMITTEE, PLAINTIFFS | DOCKET NO. 2:17-cv-01562-JHS |
| v. | |
| EMILIO VAZQUEZ, COMMISSIONER ANTHONY CLARK, COMMISSIONER AL SCHMIDT, COMMISSIONER LISA M. DEELEY, PEDRO CORTES, SECRETARY OF THE COMMONWEALTH, DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION and PHILADELPHIA CITY DEMOCRATIC COMMITTEE, DEFENDANTS | |

**BRIEF IN OPPOSITION OF THE PLAINTIFFS, CHERI HONKALA, THE GREEN PARTY OF PENNSYLVANIA, REPUBLICAN CITY COMMITTEE OF PHILADELPHIA AND LUCINDA LITTLE, TO THE MOTION TO DISMISS FILED BY DEFENDANTS, PEDRO CORTES, SECRETARY OF THE COMMONWEALTH AND THE DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION**

The Defendants, Pedro Cortes, Secretary of the Commonwealth, and the Department of State, Bureau of Commissions, Elections and Legislation, have moved to dismiss the complaint in the captioned matter. This issue, as alleged in the civil rights Complaint, involves the failure of all the Defendants to supervise an election consistent with the First Amendment of the United States Constitution, consistent with fundamental fairness, consistent with due process, and

1

consistent with the Pennsylvania Election Code resulting in an unfair and tampered with election where there were numerous violations of the Election Code. The Complaint was brought seeking injunctive and declaratory relief.

The Department of State first seeks to dismiss the case on the basis of lack of subject matter jurisdiction. In this case there is subject matter jurisdiction, particularly since a similar action was found to have jurisdiction in the case of Marks v. Stinson, 119 F.3d 873 (3rd Circ., 1994).

The Defendants allege that the claim is barred by the Eleventh Amendment of the United States Constitution. The Defendants cite the Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 Sup. Ct. 900 (1984).

The present case is not seeking any monetary damages. The present case is seeking injunctive and declaratory relief. The Plaintiffs thought they had no choice but to file this lawsuit since the misconduct during this election was extreme and nothing was done by any of the Defendants who had supervisory responsibility for running fair and just elections pursuant to the Pennsylvania Election Code to ensure this election was fairly held.

The United States Supreme Court in the aforementioned Pennhurst case noted the following:

> "The Court has recognized an important exception to this general rule; a suit challenging the constitutionality of a state official's action is not one against the state. That was the holding in Ex Parte Young, 209 U.S. 123, 28 Sup. Ct. 141 (1908).

The U.S. Supreme Court noted that the Eleventh Amendment does not prohibit a suite seeking injunctive relief. Id 909.

The Defendants then alleged that they had to have objectively participated in the violation of rights to be included as defendants. The Defendants contend that the Plaintiffs in the present case only sued them in their ministerial duties and oversight of the election. But, the Defendants have the responsibility for overseeing elections and to ensure compliance with the Pennsylvania Election Laws and the United States Constitution. This is their direct duty. This is not ministerial. Further, if they are correct, who has the responsibility to ensure a fair election? The City Commissioners take the same position.

In paragraph 10 of the Complaint, it was alleged that Pedro Cortes is the appointed Secretary of State and has the responsibility for ensuring fair elections. It is alleged in paragraph 11 the Defendant, Department of State, Bureau of Commissions, Elections and Legislation, is a duly organized government entity with responsibilities for the statewide elections. In paragraph 13 of the Complaint, it is alleged that all the Defendants acted individually or in their official

capacity. In paragraph 14, it is alleged that the Defendants acted either by themselves or through their agents or employees. In paragraph 24, it is alleged that the Defendants, including the State Defendants, improperly supervised the election and set forth a list of serious election law and First Amendment violations. Under paragraph 24, in subsection (d), it is alleged that the Defendants, Pedro Cortes, Secretary of the Commonwealth, and Commonwealth of Pennsylvania, Bureau of Commissions, Election and Legislation, failed to properly supervise the election. Paragraphs 25 and 26 listed numerous and outrageous violations that were the responsibility of the Defendants to ensure that did not take place.

Paragraph 28 notes the Defendants failed to ensure that the election was being held fairly and the votes were not being tampered with. It is alleged all of the Defendants allowed fundamental violations of due process to occur.

These allegations are more than ministerial roles. These Defendants have responsibilities under the Election Code to ensure a fair and just election consistent with Pennsylvania Election Laws and the United States Constitution.

There are allegations that the Board of Elections were not properly trained and failed in their duties and actually intimidated voters, violated the Election Code, etc. It is alleged that the Defendants did not properly supervise these

4

various people and did not provide the appropriate training and Election Day responsibility.

The suggestion by the Defendants there was robust training is ludicrous considering the misconduct that occurred here.

Shockingly the Defendants now allege the complaint is moot. On the contrary, there is no mootness. The complaint was timely brought and this conduct is very capable of being repeated again. This was an illegal election and now the Plaintiffs are timely seeking to enjoin the election results and a new election be ordered. The suggestion there is no cause of action because the election is over is refuted by the aforementioned case of Marks v. Stinson, 19 F.3d 873 (3rd Circ., 1994) where the court reviewed the election.

Finally, the Defendants alleged that injunctive relief is not warranted. In this case, if the Plaintiffs can prove what they have alleged, the Plaintiffs can establish that they likely would have success on the merits, that there would be irreparable harm since there was an unconstitutional election, that granting relief will not result in granting greater harm because, again, there were election laws and constitutional violations and public interest would favor and demand strong relief. That is the standard that must be met. Miller v. Mitchell, 598 F.3d 139, 147 (3rd Circ., 2010). All of those factors were clearly set forth and pled in the complaint. The

likelihood of success is supported by the holding in the aforementioned <u>Marks v. Stinson</u> case. Further, the Plaintiffs are not only seeking injunctive relief, but are seeking declaratory relief to declare that this election was unconstitutional and in violation of the Election Code. The purpose is not only to enjoin this election, but to make sure this misconduct will never occur again. In our system of government, nothing is more important and critical than free and fair elections. Without fair elections, democracy is doomed.

The suggestion that the Plaintiffs have not alleged and not named indispensable parties is ludicrous. The Plaintiffs have alleged the appropriate people and government agencies, which were involved, failed to supervise and acted inappropriately. The successful write-in candidate, Emilio Vazquez, and the Philadelphia Democratic City Committee, were also named Defendants. The individual election workers are under the direct control of all the Defendants.

In conclusion, the Motion to Dismiss of the Defendants, Pedro Cortes, Secretary of the Commonwealth, and the Department

of State, Bureau of Commissions, Elections and Legislation, should be denied.

> Respectfully submitted,
>
> *s/Samuel C. Stretton*
> Samuel C. Stretton, Esquire
> Attorney for Plaintiffs, Cheri
>  Honkala and the Green Party of
>  Pennsylvania
> 103 South High Street
> P.O. Box 3231
> West Chester, PA  19381-3231
> (610) 696-4243
> Attorney I.D. No. 18491
>
> *s/Linda A. Kerns, Esquire*
> Linda A. Kerns, Esquire
> Attorney for Plaintiffs, Republican
>  City Committee of Philadelphia and
>  Lucinda Little
> 1420 Locust Street, Suite 200
> Philadelphia, PA  19102
> (215) 731-1400
> linda@lindakernslaw.com
> Attorney I.D. No. 84495

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA LITTLE, CHERI HONKALA, THE GREEN PARTY OF PENNSYLVANIA, REPUBLICAN CITY COMMITTEE OF PHILADELPHIA and REPUBLICAN PARTY OF PENNSYLVANIA (a/k/a) REPUBLICAN STATE COMMITTEE, <br>             PLAINTIFFS <br> V. <br> EMILIO VASQUEZ, COMMISSIONER ANTHONY CLARK, COMMISSIONER AL SCHMIDT, COMMISSIONER LISA M. DEELEY, PEDRO CORTES, SECRETARY OF THE COMMONWEALTH, DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION and PHILADELPHIA CITY DEMOCRATIC COMMITTEE, <br>             DEFENDANTS | DOCKET NO. 2:17-cv-01562-JHS |

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the Answer of the Plaintiffs, Cheri Honkala, the Green Party of Pennsylvania, Republican City Committee of Philadelphia and Lucinda Little, to the Motion to Dismiss of Defendants, Pedro Cortes, Secretary of the Commonwealth and Department of State, Bureau of Commissions, Elections and Legislation and Brief in Opposition in the captioned matter upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1.  Linda A. Kerns, Esquire
    1420 Locust Street, Suite 200
    Philadelphia, PA 19102
    (215) 731-1400
    linda@lindakernslaw.com
    Attorney I.D. No. 84495
    Counsel for Plaintiffs, Republican City Committee of
      Philadelphia and Lucinda Little
2.  Joel L. Frank, Esquire
    Lamb McErlane, PC
    P.O. Box 565
    West Chester, PA 19381-0565
    (610) 430-8000
    jfrank@lambmcerlane.com
    Attorney I.D. No. 46601
    Counsel for Plaintiff, Republican State Committee

3.  Timothy E. Gates, Chief Counsel
    Pennsylvania Department of State
    306 North Office Building
    Harrisburg, PA 17120
    (717) 783-0736
    tgates@pa.gov
    Counsel for Defendants Pedro Cortes, Secretary of the
      Commonwealth and Department of State Bureau of
        Commissions, Elections and Legislation

4.  Kathleen M. Kotula, Deputy Chief Counsel
      Pennsylvania Department of State
    306 North Office Building
    Harrisburg, PA 17120
    (717) 783-0736
    kkotula@pa.gov
    Counsel for Defendants Pedro Cortes, Secretary of the
      Commonwealth and Department of State Bureau of
        Commissions, Elections and Legislation

5.  Benjamin H. Field, Esquire
    City of Philadelphia Law Department
    1515 Arch Street, 15th Floor
    Philadelphia, PA 19102
    (215) 683-5024
    Benjamin.field@phila.gov
    Counsel for Commissioner Anthony Clark, Commissioner
      Al Schmidt and Commissioner Lisa M. Deeley

6.  Adam C. Bonin, Esquire
    The Law office of Adam C. Bonin
    30 South 15th Street, 15th Floor
    Philadelphia, PA   19102
    (215) 864-8002
    adam@boninlaw.com
    Counsel for State Representative Emilio Vazquez


7.  Marni Jo Snyder, Esquire
    Law Offices of M.J. Snyder, LLC
    Land Title Building
    100 South Broad Street
    Suite 1910
    Philadelphia, PA   19110
    (215) 515-3360
    marni@snyderlawyer.com


                               Respectfully submitted,

*July 19, 2017*        *s/Samuel C. Stretton*
      Date            Samuel C. Stretton, Esquire
                               Attorney for Plaintiffs, Cheri
                                Honkala and the Green Party of
                               Pennsylvania
                               103 South High Street
                               P.O. Box 3231
                               West Chester, PA   19381-3231
                               (610) 696-4243
                               Attorney I.D. No. 18491

                               *s/Linda A. Kerns, Esquire*
                               Linda A. Kerns, Esquire
                               Attorney for Plaintiffs, Republican
                               City Committee of Philadelphia and
                               Lucinda Little
                               1420 Locust Street, Suite 200
                               Philadelphia, PA   19102
                               (215) 731-1400
                               linda@lindakernslaw.com
                               Attorney I.D. No. 84495