IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUCINDA LITTLE, et al., <br>　　　　　　　　Plaintiffs, <br><br> v. <br><br> EMILIO VASQUEZ, et al., <br>　　　　　　　　Defendants. | 2:17-CV-01562 <br> (JUDGE SLOMSKY) |

## REPLY BRIEF OF SECRETARY CORTÉS AND DEPARTMENT OF STATE, BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendants Pedro A. Cortés, Secretary of the Commonwealth, and the Department of State, Bureau of Commissions, Elections and Legislation (hereinafter referred to collectively as "Secretary Cortés") present this reply brief in further support of their motion to dismiss the above-captioned action against them.

### I.   Plaintiffs plead violations of the Election Code while *Marks* concerned substantial constitutional violations.

Plaintiffs are correct that in *Marks v. Stinson*, 19[1] F.3d 873 (3d Cir. 1994), the Third Circuit affirmed the District Court's exercise of jurisdiction in a case contesting the result of an election, but that case is of no aid to their arguments.  In

---

[1] Plaintiffs start their discussion of *Marks* by citing the wrong volume of the Federal Reporter, Third Series.  While *Marks* is found in volume 19, they cite to volume 119.

*Marks*, Plaintiffs made specific, allegations as to the affirmative acts of the named defendants, and demonstrated that those acts constituted a violation of Plaintiffs' constitutional rights.[2]  19 F.3d 876-77.  Notably, in *Marks*, the government-official defendants were active participants in a scheme to subvert the law, and improperly distribute and canvass absentee ballots.  Here, Plaintiffs allege that specific acts violated the provision of the Pennsylvania Election Code, without demonstrating that the government-official defendants had any active role whatsoever in the misconduct they allege, or that those purported violations, singly or in combination, rise to the level of a constitutional violation.

## II. Federal constitutional rights are not violated simply because a state statute is violated.

Plaintiffs "allege, in essence, that the alleged violations of the Election Code enumerated in their Amended Complaint are, *ipso facto*, also constitutional violations giving rise to liability under § 1983."  (Doc. 11, p. 19).  This is not

---

[2] Marks and other supporters sued his election opponent Stinson, his campaign, election officials, and several Doe and Roe defendants.  Marks alleged that Stinson campaign staff and supporters had an organized campaign to solicit absentee ballots from non-qualified voters, on the false premise that any person was permitted to vote by absentee ballot (rather than only those with a valid justification; *see* 25 P.S. § 3146.1).  *Marks*, 19 F.3d 876-77.  The election officials named in that case "were aware of the absentee ballot campaign . . . and assisted that campaign" by delivering ballots to campaign staff, rather than by mailing them (as required by the Election Code).  *Marks*, 19 F.3d at 877-78.  The Court noted the District Court's finding that there existed "massive absentee ballot fraud."  *Marks*, 19 F.3d at 887.

consistent with the law. Because "a state statute cannot, in and of itself, create a constitutional right," *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990), an act that violates a state statute, likewise, does not necessarily violate the constitution.

### III. *Pennhurst* provides limits to the *Young* exceptions to Eleventh Amendment immunity.

Even though Secretary Cortés offers several pages of analysis of *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984), (Doc. 11, pp. 8-10), Plaintiffs summarily dismiss these arguments and confuse the issue by stating that *Pennhurst*'s limitation on federal courts' jurisdiction applies only to claims for damages. (Doc. 24, pp. 2-3).

While it is true that "the Eleventh Amendment does not prohibit a suite [sic] seeking injunctive relief," (Doc. 24, p. 3), the crux of the Secretary Cortés' *Pennhurst* argument is that a federal right to be vindicated is the indispensable ingredient permitting the federal courts to overcome Eleventh Amendment immunity. Where, as here, Plaintiffs identify only violations of a state statute (in this case, the Election Code), the exceptions to Eleventh Amendment immunity do not apply. *Pennhurst*, 465 U.S. at 106 (quoted in Doc. 11, p. 9).

Plaintiffs cite *Pennhurst* for the proposition that, under *Young*, Eleventh Amendment does not preclude "a suit challenging the constitutionality of a state official's action." *Pennhurst*, 19 F.3d at 102, *citing Ex Parte Young*, 209 U.S. 123, 160 (cited in Doc. 24, pp. 2-3). This is correct—but an incomplete rendering of the

law, and a misrepresentation of the ultimate holding in *Pennhurst*. While the *Pennhurst* Court reaffirmed the *Young* doctrine, it also notes the limits of the doctrine's exception to Eleventh Amendment immunity. Because the theoretical underpinnings of *Young*'s piercing of Eleventh Amendment immunity were tied to vindicating rights secured by the U.S. Constitution and federal law, where those rights are not at stake, the exceptions do not apply. "*Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law." *Pennhurst*, 19 F.3d at 106. Because Plaintiffs' complaints are so directly anchored to state law—specifically, the Election Code—the exceptions of *Young* and *Edelman* are inapplicable.

### IV. Plaintiffs' claims are unsupported by relevant legal authority.

Plaintiffs also appear to disagree with Secretary Cortés' arguments that he has "no power, much less a duty, to 'supervise' district election officials in the exercise of their duties." (Doc. 11, pp. 11-12). As independently-elected officials themselves, the district election board members have great autonomy and are not subject to control by any other state or local officials. See *id.* Yet Plaintiffs still assert that Secretary Cortés "ha[s] the responsibility for overseeing elections and to ensure compliance with the Pennsylvania Election Laws and the United States Constitution." (Doc. 24, p. 3). Plaintiffs' arguments would benefit from fewer

4

sweeping statements about Secretary Cortés' responsibilities and a few more direct citations to authority.

Conspicuously lacking in most of Plaintiffs' brief is any actual citation to authority in support of the specific claims that they make. The most clear example of this is probably the assumption at the root of their repeated claim that "Defendants . . . had supervisory responsibility for running fair and just elections pursuant to the Pennsylvania Election Code to ensure this election was fairly held." (Doc. 24, p. 2, *see also* pp. 1, 3, 6). Plaintiffs repeatedly make these claims in the brief, and while alluding generally to the Election Code, do not cite any one of its many sections or provisions. (Plaintiffs' Amended Complaint is similarly devoid of any citations to the Election Code itself.) In their brief, Plaintiffs include citations to a grand total of three cases, none of which is squarely on point to the facts alleged, and the posture of, the present case. And their conflation of an alleged lack of training with the alleged misconduct which they claim occurred during the election, (Doc. 24, pp. 4-5), fails to meaningfully engage with the legal standards related to, and Secretary Cortés' arguments on, vicarious liability. (Doc. 11, pp. 12-14).

**V.      A contest under the Election Code was the proper mechanism to challenge this election.**

Plaintiffs sound downright plaintive as they ask "If [Defendants] are correct, who has the responsibility to ensure a fair election?" (Doc. 24, p. 3). As was explained in great detail in Parts III.A and III.E of Secretary Cortés' Brief, (Doc.

11), "the responsibility to ensure a fair election" falls to the local election officers, *viz.* the judge of elections, majority and minority inspectors, and machine inspectors and clerks. Pa. Const. art. VII, § 11; 25 P.S. § 2671. As was also explained, "they are not subject to 'supervision' by state and county election officials, whether that be micromanagement of the conduct of the election at a particular polling place, or removal from office,[]" (Doc. 11, p. 11), and they are subject only to removal by the General Assembly, through the impeachment or "direct address" provisions in the state constitution. Pa. Const. art. VI, §§ 6, 7 (cited in Doc. 11, pp. 11-12). Plaintiffs' suggestion to the contrary—that "individual election workers are under the direct control of all the Defendants," (Doc. 24, p. 6)—is utterly contrary to law and conjures an imaginary authority (invested, apparently in "all the Defendants") where none exists.

To the extent their plea boils down to "if we can't sue Secretary Cortés, who can we sue?" they should refer to Part III.E of Secretary Cortés' Brief, noting that each of the election board members is an indispensable party to this action. (Doc. 11, pp. 22-23). But rather than impleading all of those officials, surely the best way for a candidate to obtain relief where he or she believes there were irregularities in the election is the contest proceeding which exists within Article XVII of the Election Code, 25 P.S. §§ 3291-3474. Indeed, a contest was ongoing, in parallel with the federal court litigation during the *Marks* litigation. 19 F.3d at 880. For

reasons best known to themselves, Plaintiffs have foregone this clearly-defined procedure and proceeded directly to federal court.

## VI. Conclusion.

Secretary Cortés agrees with the general sentiment expressed in Plaintiffs' Brief that "nothing is more important and critical than free and fair elections." (Doc. 24, p. 6). But Plaintiffs have failed to internalize the specifics of the elections system in Pennsylvania, as demonstrated by their repeated misstatements as to the scope of Secretary Cortés's powers and duties, and insistence that Secretary Cortés answer for the supposed acts and omissions of others, even though those ostensible wrongdoers were not subject to his control or direction in any way. Had they named the actual supposed wrongdoers as defendants in this suit, and/or instituted a contest, Plaintiffs might have been entitled to some relief. But as pled, the Amended Complaint fails to state a claim upon which relief may be granted, and must therefore be dismissed, with prejudice.

                Respectfully submitted,

By:  /s/ Timothy E. Gates
       TIMOTHY E. GATES
       Chief Counsel
       I.D. No. 202305
       tgates@pa.gov

       KATHLEEN M. KOTULA
       Deputy Chief Counsel
       I.D. No. 86321

        kkotula@pa.gov

        Pennsylvania Department of State
        306 North Office Building
        Harrisburg, PA 17120
        Tel: 717-783-0736
        Fax: 717-214-9899

        *Counsel for Defendants, Pedro Cortés, Secretary of the Commonwealth, and Department of State Bureau of Commissions, Elections and Legislation*

DATE:  July 26, 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LUCINDA LITTLE, et al.,**<br>　　　　　　**Plaintiffs,**<br><br>　　　　v.<br><br>**EMILIO VASQUEZ, et al.,**<br>　　　　　　**Defendants.** | **2:17-CV-01562**<br>**(JUDGE SLOMSKY)** |

### CERTIFICATE OF SERVICE

　　　I, TIMOTHY E. GATES, certify that on July 26, 2017, I served this *Reply Brief of Secretary Cortés and Department of State Bureau of Commissions, Elections and Legislation in Support of Motion to Dismiss Plaintiffs' Amended Complaint* by Notice of Docket Activity sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF:

Linda A. Kerns, Esquire
1420 Locust Street, Suite 200
Philadelphia, PA 19102
Tel: (215) 731-1400
linda@lindakernslaw.com
*Counsel for Plaintiffs, Lucinda Little and Republican City Committee of Philadelphia*

Adam C. Bonin, Esquire
The Law Office of Adam Bonin
30 South 15th Street, 15th Floor
Philadelphia, PA 19102
Tel: (267) 242-5014
adam@boninlaw.com
*Counsel for Defendant, Emilio Vazquez*

Joel I. Frank, Esquire
Lamb McErlane, P.C.
P.O. Box 565
West Chester, PA 19381-0565
Tel: (610) 430-8000
jfrank@lambmcerlane.com
*Counsel for Plaintiff, Republican State Committee*

Samuel C. Stretton, Esquire
301 S. High Street
P.O. Box 3231
West Chester, PA 19381
Tel: (610) 696-4243
strettonlaw.samstretton@gmail.com
*Counsel for Plaintiffs, Cheri Honkala and Green Party of Pennsylvania*

Marni Jo Snyder, Esquire
Law Offices of M.J. Synder, LLC
100 S. Broad Street, Suite 1910
Philadelphia, PA 19110
Tel: (215) 515-3360
marni@snyderlaw.com
*Counsel for Defendant, Philadelphia City Democratic Committee*

Benjamin H. Field, Esquire
Deputy City Solicitor
Affirmative and General Litigation Unit
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19102
Tel: (215) 683-5024
Benjamin.Field@phila.gov
*Counsel for Defendants, Philadelphia City Commissioners, Commissioner Anthony Clark, Commissioner Al Schmidt, and Commissioner Lisa Deeley*

By:   /s/ Timothy E. Gates
     TIMOTHY E. GATES
     Chief Counsel
     I.D. No. 202305
     tgates@pa.gov

Pennsylvania Department of State
306 North Office Building
Harrisburg, PA 17120
Tel: 717-783-0736
Fax: 717-214-9899

*Counsel for Defendants, Pedro Cortés, Secretary of the Commonwealth, and Department of State Bureau of Commissions, Elections and Legislation*

DATE:  July 26, 2017